IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

<table>
<tr><td>
INNOVATION SCIENCES, LLC,<br>
5800 LEGACY CIRCLE, SUITE 311<br>
PLANO, TEXAS 75024.<br>
Plaintiff, <br><br>
v. <br><br>
M2M SERVICES, LTD. d/b/a<br>
ALULA; ALULA HOLDINGS,<br>
LLC, ALULA LLC, and/or<br>
ALULA SECURITY LLC,<br>
4755 TECHNOLOGY WAY<br>
BOCA RATON, FL 33431, USA<br>
Also d/b/a<br>
SECURENET TECHNOLOGIES<br>
1064 GREENWOOD BLVD, SUITE 100<br>
LAKE MARY, FLORIDA 32746<br><br>
Defendant
</td><td>
Case No.<br><br>
9:26-cv-80678
</td></tr>
</table>

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Innovation Sciences, LLC ("Innovation Sciences" or "Plaintiff") files this Complaint against Defendant M2M Services, Ltd. d/b/a Alula, Alula Holdings, LLC, Alula LLC, and/or Alula Security LLC ("M2M/Alula/SecureNet") for infringement of United States Patent Nos. 10,136,179; 10,469,898; and 11,109,094 (the "Patents-in-Suit"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq.

## THE PARTIES

2.      Plaintiff Innovation Sciences is a limited liability company organized under the laws of Texas and has a principal place of business at 5800 Legacy Circle, Suite 311, Plano, Texas 75024.

3.      On information and belief, Defendant M2M Services, Ltd. is a corporation organized and existing under the laws of Bulgaria, having a place of business at 4755 Technology Way, Boca Raton, FL 33431, USA.

4.      On information and belief, "Alula is a M2M Services Brand", M2M having acquired Alula, Alula Holdings and Alula Security.

5.      On information and belief, Defendant participates in the design, manufacture, importation, sale, and/or operation of the Accused Products and Services, including security products and devices, cloud services and mobile applications.

6.      On information and belief, Defendant maintains its principal U.S. operations and regular and established places of business at 4755 Technology Way, Boca Raton, Florida 33431, USA.

7.      On information and belief, Defendant has imported and sold and offered to sell products and services throughout the State of Florida, including in this judicial district, as well as throughout the United States, and introduce products and services that perform infringing processes into the stream of commerce knowing that they would be used, offered for sale, or sold in this judicial district and elsewhere in the United States.

2

**ACCUSED INSTRUMENTALITIES**

8.      On information and belief, Defendant has made, used, offered for sale, sold,

and/or imported into the United States at least the accused products and services including but

not limited to the following (collectively, the "Accused Products and Services"):

A. Panels:
- Connect+
- Connect-FLX
- Connect-FLX-M
- Connect-FLX-M-Z
- CF-PREMIUM-M
- Connect XT
- RE6100P series panels
- SecureNet Helix Hub

B. Cameras
- CAM-360-JS1 (Indoor 360 Camera)
- CAM-DB-HS2-AI (Video Doorbell Camera White)
- CAM-DB-JS1 (Video Doorbell Camera Black)
- CAM-OD-JS1-AI (Outdoor Bullet Camera Black)
- CAM-OD-HS2-AI (Outdoor Bullet Camera White)
- SecureNet Video Doorbell D1021
SecureNet Doorbell Camera OKO DB3A
- SecureNet Indoor Camera AVA
- SecurNet Outdoor Battery Camera UMU
- SecureNet SN-629F1
- SecureNet SN-705F2
- SecureNet SN-631PT1
- SecureNet SN-622PT2
- SecureNet SN-750EF1
- SecureNet SN-750EF2
- SecureNet SN-790EPT1
- SecureNet SN-790EPT2

C. Sensors
- Standard Door/Window Sensor)
- NanoMax Door/Window Sensor
- Indoor Motion Pet Immune Sensor
- Smoke Sensor
- Carbon Monoxide Sensor

- Glass Break Sensor
- Outdoor Door/Window Sensor

D. Software and Applications
- Alula Security App (mobile application)
- AlulaConnect Dealer Portal
- Alula Security App User Interface (Slimline Touchpad)
- SecureNet SmartLink+

E. Control Interfaces
- Slimline Touchpad (PRO)
- LED Keypad
- RE652 (PINpad)

F. Communicators and Expansion Cards
- BAT-Connect (Verizon/AT&T)
- BAT-FIRE (Verizon/AT&T)
- Connect XT (Simon communicator)
- RE930RPV (Verizon cellular card)
- RE930RPA (AT&T cellular card)
- RE926RS (Wi-Fi card)
- RE934Z (Z-Wave card)
- RE934ZT (Z-Wave and translator card)

9.     On information and belief, the Accused Instrumentalities and other similar, related derivative and alternative M2M or Alula Products and Services which function in the same manner but differ in model number or description, infringe at least one claim of each of the Patents-in-Suit.

**JURISDICTION AND VENUE**

10.    This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq. Accordingly, this Court has subject matter jurisdiction under at least 28 U.S.C. §§ 1331 and 1338(a).

4

11. This Court has general and specific personal jurisdiction over Defendant under 28 USC 1400(b) because Defendant maintains a regular and established place of business within this judicial district.

12. Venue is proper pursuant to 28 U.S.C. §§ 1391 and/or 1400(b). Venue is proper at least because Defendant maintains its principal U.S. operations and regular and established places of business at 4755 Technology Way, Boca Raton, Florida 33431, USA, which is located within the Southern District of Florida.  Venue is also proper under §1391(c) because Defendant M2M Services is a foreign corporation.

13. Innovation Sciences is the owner by assignment of all right, title, and interest in the Patents-in-Suit, including the right to sue for past, present, and future infringement and the right to recover damages for such infringement.

14. The assignments of the Patents-in-Suit to Innovation Sciences have been duly recorded with the United States Patent and Trademark Office.

15. Plaintiff is entitled to recover damages for infringement of the Patents-in-Suit under 35 U.S.C. §284.

## THE ASSERTED PATENTS

- United States Patent No. 10,136,179

16. On November 20, 2018, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 10,136,179 ("the '179 patent") entitled "Method and System for Efficient Communication" to inventors Tiejun Wang and Tiehong Wang.

17.     The '179 patent is presumed valid under 35 U.S.C. § 282. A true and correct copy of the '179 patent is attached hereto as Exhibit A.

18.     Innovation Sciences owns all rights, title, and interest in the '179 patent.

19.     Innovation Sciences has not granted Defendant an approval, an authorization, or a license to rights under the '179 patent.

- United States Patent No. 10,469,898

20.     On November 5, 2019, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 10,469,898 ("the '898 patent") entitled "Method and System for Efficient Communication" to inventors Tiejun Wang and Tiehong Wang.

21.     The '898 patent is presumed valid under 35 U.S.C. § 282. A true and correct copy of the '898 patent is attached hereto as Exhibit B.

22.     Innovation Sciences owns all rights, title, and interest in the '898 patent.

23.     Innovation Sciences has not granted Defendant an approval, an authorization, or a license to rights under the '898 patent.

- United States Patent No. 11,109,094

24.     On August 31, 2021, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 11,109,094 ("the '094 patent") entitled "Method and System for Efficient Communication" to inventors Tiejun Wang and Tiehong Wang.

25.     The '094 patent is presumed valid under 35 U.S.C. § 282. A true and correct copy of the '094 patent is attached hereto as Exhibit C.

26.     Innovation Sciences owns all rights, title, and interest in the '094 patent.

27.     Innovation Sciences has not granted Defendant an approval, an authorization, or a license to rights under the '094 patent.

28.     On or about January, 2025, Defendant was informed of the accused infringement via notice letter and again in May through litigation with Cove Smart, LLC, a distributor of Defendant in the District Court of Delaware (C.A. No. 25-cv-620(GBW). The complaint and claim charts specifically identified exemplary Accused Products and Services, including the Alula Connect+ and Connect-FLX panels, the CAM-360-JS1 Indoor 360 Camera, the CAM-DB-HS2-AI Video Doorbell Camera, and the door/window sensors, and mapped its features and operation to limitations of the Patents-in-Suit.

29.     On information and belief, despite receiving the aforesaid claim charts and licensing communications, Defendant continued its infringing activities, including the manufacture, use, sale, offer for sale, and/or importation of the Accused Products and Services through expiration of the Patents-in-Suit.

**CLAIMS FOR RELIEF**

**COUNT I – DIRECT INFRINGEMENT OF U.S. PATENT
NO. 10,136,179 (35 U.S.C. § 271(a))**

30.     Innovation Sciences repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

31.     On information and belief, Defendant has infringed one or more claims of the '179 patent under 35 U.S.C. § 271(a).

7

32. On information and belief, Defendant (or those acting on its behalf) made, used, sold, imported, and/or offered to sell the Accused Products and Services in the United States that infringe (literally and/or under the doctrine of equivalents) at least claims 1 and 9 of the '179 patent.

33. Infringement of Claim 1 of the '179 Patent.  On information and belief, the accused Alula Cameras – including the CAM-360-JS1 Indoor 360 Camera, the CAM-OD-JS1-AI Outdoor Bullet Camera, and the CAM-DB-HS2-AI Video Doorbell Camera – each satisfy all limitations of claim 1 of the '179 patent.

34. Infringement of Claim 9 of the '179 Patent.  On information and belief, the integrated Alula system – including RE601 and RE622 door/window sensors, RE611P motion sensors, the Connect-FLX panel, cellular communicators, Alula cloud services, and the Alula Security App – satisfies all limitations of claim 9 of the '179 patent.

35. Plaintiff has suffered monetary damages as a result of Defendant' infringement.

### COUNT II – INDUCED INFRINGEMENT OF U.S. PATENT NO. 10,136,179 (35 U.S.C. § 271(b))

36. Innovation Sciences repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

37. On information and belief, Defendant has actively induced infringement of the '179 patent by others, including its customers, dealers, and end users.

38. On information and belief, Defendant induced by providing installation manuals, dealer training, application instructions, and technical support that instruct users to connect Alula

cameras, panels, sensors, Wi-Fi networks, cellular networks, cloud services, and mobile devices in a manner that directly infringed at least claims 1 and 9 of the '179 patent.

39.     On information and belief, Defendant has induced infringement of at least claims 1 and 9 of the '179 patent.

40.     Plaintiff has suffered monetary damages as a result of Defendant' induced infringement.

**COUNT III – CONTRIBUTORY INFRINGEMENT OF U.S. PATENT
NO. 10,136,179 (35 U.S.C. § 271(c))**

41.     Innovation Sciences repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

42.     On information and belief, Defendant offered for sale and sold components of the Accused Products and Services that were specially made or especially adapted for use in an infringement of the '179 patent, including but not limited to the Connect+ and Connect-FLX panels, Alula cameras, Alula sensors, and the Alula Security App, which can be combined with other Alula components and/or with components from other manufacturers to form an infringing system.

43.     On information and belief, these components had no substantial non-infringing uses.

44.     On information and belief, Defendant contributed to the infringement of at least claims 1 and 9 of the '179 patent.

45.     Plaintiff has suffered monetary damages as a result of Defendant' contributory infringement.

**COUNT IV – DIRECT INFRINGEMENT OF U.S. PATENT
NO. 10,469,898 (35 U.S.C. § 271(a))**

46.    Innovation Sciences repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

47.    On information and belief, Defendant has infringed one or more claims of the '898 patent under 35 U.S.C. § 271(a).

48.    On information and belief, Defendant (or those acting on its behalf) made, used, sold, imported, l and/or offered to sell the Accused Products and Services in the United States that infringed (literally and/or under the doctrine of equivalents) at least claim 10 of the '898 patent.

49.    On information and belief, the representative accused Alula Panels – including the Connect+, Connect-FLX, Connect-FLX-M, Connect-FLX-M-Z, CF-PREMIUM-M, and Connect XT – each satisfy all limitations of at least claim 10 of the '898 patent.

50.    Plaintiff has suffered monetary damages as a result of Defendant' infringement.

**COUNT V – INDUCED INFRINGEMENT OF U.S. PATENT
NO. 10,469,898 (35 U.S.C. § 271(b))**

51.    Innovation Sciences repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

52.    On information and belief, Defendant actively induced infringement of the '898 patent by others, including its customers, dealers, and end users, through installation manuals, training, and application instructions.

10

53. On information and belief, Defendant has induced infringement of at least claim 10 of the '898 patent.

54. On information and belief, Defendant induced by providing installation manuals, dealer training, application instructions, and technical support that instructed users to connect Alula cameras, panels, sensors, Wi-Fi networks, cellular networks, cloud services, and mobile devices in a manner that directly infringes claims of the '898 patent.

55. On information and belief, Defendant provided installation manuals, dealer training, application instructions, and technical support that instructed users to connect Alula cameras, panels, sensors, Wi-Fi networks, cellular networks, cloud services, and mobile devices and to operate them in a manner that directly infringes method claims of the '898 patent.

56. Plaintiff has suffered monetary damages as a result of Defendant' induced infringement.

### COUNT VI – CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 10,469,898 (35 U.S.C. § 271(c))

57. Innovation Sciences repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

58. On information and belief, Defendant offered for sale and sold components specially made for use in an infringement of the '898 patent, including the Connect+ and Connect-FLX panels, which had no substantial non-infringing uses.

59. On information and belief, Defendant has contributed to the infringement of at least claim 10 of the '898 patent.

11

60.    Plaintiff has suffered monetary damages as a result of Defendant' contributory infringement.

## COUNT VII – DIRECT INFRINGEMENT OF U.S. PATENT
## NO. 11,109,094 (35 U.S.C. § 271(a))

61    Innovation Sciences repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

62.    On information and belief, Defendant has infringed one or more claims of the '094 patent under 35 U.S.C. § 271(a).

63.    On information and belief, Defendant (or those acting on its behalf) made, used, sold, imported and/or offered to sell the Accused Products and Services in the United States that infringed (literally and/or under the doctrine of equivalents) at least claim 102 of the '094 patent.

64.    On information and belief, the accused Alula Cameras and Panels – including the CAM-360-JS1, CAM-OD-JS1-AI, CAM-DB-HS2-AI, Connect+, and Connect-FLX – collectively satisfy all limitations of at least claim 102 of the '094 patent.

65.    Plaintiff has suffered monetary damages as a result of Defendant' infringement.

## COUNT VIII – INDUCED INFRINGEMENT OF U.S. PATENT
## NO. 11,109,094 (35 U.S.C. § 271(b))

66.    Innovation Sciences repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

67.    On information and belief, Defendant actively induced infringement of the '094 patent by others, including its customers, dealers, and end users, through installation manuals, training, and application instructions.

12

68.     On information and belief, Defendant induced by providing installation manuals, dealer training, application instructions, and technical support that instructed users to connect Alula cameras, panels, sensors, Wi-Fi networks, cellular networks, cloud services, and mobile devices in a manner that directly infringed claims of the '094 patent.

69.     On information and belief, Defendant has induced infringement of at least claim 102 of the '094 patent.

70.     Plaintiff has suffered monetary damages as a result of Defendant' induced infringement.

<strong>COUNT IX – CONTRIBUTORY INFRINGEMENT OF U.S. PATENT<br/>NO. 11,109,094 (35 U.S.C. § 271(c))</strong>

71.     Innovation Sciences repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

72.     On information and belief, Defendant offered for sale and sold components specially made for use in an infringement of the '094 patent, including Alula cameras and panels, which has no substantial non-infringing uses.

73.     On information and belief, Defendant has contributed to the infringement of at least claim 102 of the '094 patent.

74.     Plaintiff has suffered monetary damages as a result of Defendant' contributory infringement.

<strong>JURY DEMANDED</strong>

75.     Pursuant to Federal Rule of Civil Procedure 38(b), Innovation Sciences hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

Innovation Sciences respectfully requests this Court to enter judgment in its favor and against Defendant as follows:

      a.      finding that Defendant has directly infringed one or more claims of the '179 patent under 35 U.S.C. § 271(a);

      b.      finding that Defendant has induced infringement of one or more claims of the '179 patent under 35 U.S.C. § 271(b);

      c.      finding that Defendant has contributorily infringed one or more claims of the '179 patent under 35 U.S.C. § 271(c);

      d.      finding that Defendant has directly infringed one or more claims of the '898 patent under 35 U.S.C. § 271(a);

      e.      finding that Defendant has induced infringement of one or more claims of the '898 patent under 35 U.S.C. § 271(b);

      f.      finding that Defendant has contributorily infringed one or more claims of the '898 patent under 35 U.S.C. § 271(c);

      g.      finding that Defendant has directly infringed one or more claims of the '094 patent under 35 U.S.C. § 271(a);

      h.      finding that Defendant has induced infringement of one or more claims of the '094 patent under 35 U.S.C. § 271(b);

      i.      finding that Defendant has contributorily infringed one or more claims of the '094 patent under 35 U.S.C. § 271(c);

14

j.       awarding Innovation Sciences damages under 35 U.S.C. § 284, in a reasonable royalty or otherwise permitted by law,

k.       awarding Innovation Sciences pre-judgment and post-judgment interest on the damages award and costs;

l.       awarding cost of this action (including all disbursements) and attorney fees pursuant to 35 U.S.C. § 285, or as otherwise permitted by law; and,

m.       awarding such other costs and further relief that the Court determines to be just and equitable.

June 8, 2026                                        /s/ Weir L. King III
                                                   Respectfully submitted,
                                                   Weir L. King III
                                                   Florida Bar No. 1039989
                                                   frontier64@gmail.com
                                                   772-486-4486

                                                   Joseph J.  Zito
                                                   (*pro hac vice* to be filed)
                                                   DNL ZITO
                                                   1250 Connecticut Ave., NW #700
                                                   Washington, DC 20036
                                                   202-466-3500
                                                   jzito@dnlzito.com

                                                   *Attorneys for Plaintiff*
                                                   *Innovation Sciences, LLC*